1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD OLSEN, CSBN 214150
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-6915
     FAX: (415) 436-6927
7

8  Attorneys for Defendants

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12 | JESSICA MARQUEZ CAPARAZ,           )
                                         )  No. C 07-4381 SC
13 |              Plaintiff,             )
                                         )  **ANSWER**
14 |       v.                            )
                                         )
15 | MICHAEL B. MUKASEY, Attorney General)
   | of the United States;               )
16 | MICHAEL CHERTOFF, Secretary,        )
   | Department of Homeland Security;    )
17 | DAVID STILL, Director, San Francisco Office, )
   | U.S. Citizenship and Immigration Services;   )
18 | ROBIN BARRETT, Section Chief,       )
   | U.S. Citizenship and Immigration Services;   )
19 | JOSEPH NAGLE, DHS Officer,          )
                                         )
20 |              Defendants.            )
                                         )

   Defendants hereby submit their answer to Plaintiff's Complaint for Writ of Mandamus.

                              **INTRODUCTION**

   1. Paragraph One consists of Plaintiff's characterization of the lawsuit, and thus no admission or denial is required; however, to the extent a responsive pleading is deemed to be required, the Defendants deny the allegations in Paragraph One.

   2. Defendants admit the allegations in Paragraph Two, with the exception that the plaintiff filed her naturalization application on December 12, 2005, not November 30, 2005.

3. Defendants are without sufficient information to admit or deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Paragraph Five consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny the allegations in this paragraph.

## FACTS

6. Defendants are without sufficient information to admit or deny the first sentence in Paragraph Six; however, Defendants admit the allegations in the second sentence.

7. Defendants admit the allegations in Paragraph Seven; however, Defendants are without sufficient information to admit or deny Plaintiff's wish to travel.

8. Defendants deny the allegations in Paragraph Eight because the application for naturalization was filed on December 12, 2005.

9. Defendants admit the allegations in Paragraph Nine, with the exception that Defendants are without sufficient information to admit or deny the identity of the immigration officer.

10. Defendants admit the allegations in Paragraph Ten with the exception of the filing date of Plaintiff's application.

12. Defendants admit the allegations in Paragraph Twelve; however, Defendants deny the allegation that the need for prints will "further delay" processing of the application.

## PLAINTIFF'S CLAIMS AS FOLLOWS:

13. Defendants deny the allegations in Paragraph Thirteen.

14. Defendants deny the allegations in Paragraph Fourteen.

15. Defendants deny the allegations in Paragraph Fifteen.

16. Paragraph Sixteen consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny the allegations in this paragraph.

17. Paragraph Seventeen consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny

the allegations in this paragraph.

18. Paragraph Eighteen consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny the allegations in this paragraph.

19. Paragraph Nineteen consists of Plaintiff's request for fees and costs, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny the allegations in this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because plaintiff fail to state a claim upon relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: April 3, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants